

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-10-00408-CR

EX PARTE LAJUANA
TISHA KRICK

------------

FROM THE 89TH DISTRICT COURT OF WICHITA COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Lajuana Tisha Krick filed a notice of appeal from the trial court's denial of her amended motion for personal recognizance bond. This court subsequently received a copy of the trial court's judgment convicting Krick of second degree aggravated assault and sentencing her to five years' confinement pursuant to a plea bargain. Therefore, Krick's appeal of the denial of her amended motion for personal recognizance bond is moot. *See Martinez v. State*, 826 S.W.2d 620, 620 (Tex. Crim. App. 1992) (citing *Danziger v. State*, 786

---

[1]*See* Tex. R. App. P. 47.4.

S.W.2d 723 (Tex. Crim. App. 1990), for the proposition that when an applicant for habeas corpus relief has been convicted of the underlying offense and is no longer subject to pretrial confinement, the petition is moot and we do not reach the merits thereof); *see also Ex parte Sabur*, Nos. 02-02-00305-CR, 02-02-00306-CR, 02-02-00307-CR, 02-02-00308-CR, 2003 WL 862727, at *1 (Tex. App.—Fort Worth Mar. 6, 2003, no pet.) (mem. op., not designated for publication) (dismissing appeal of denial of relief in pretrial application for writ of habeas corpus in cause number 02-02-00308-CR because judgment had already been rendered in that cause number).  Accordingly, we dismiss this appeal.[2]  *See* Tex. R. App. P. 43.2(f).

PER CURIAM

PANEL:  MCCOY, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  May 19, 2011

---

[2]We do not condone counsel's delay in filing appellant's brief nor his failure to amend appellant's motion to dismiss the appeal with her signature despite assuring our clerks' office that he had taken steps to do so.  *See* Tex. R. App. P. 42.2(a).  The trial court's judgment indicates that almost a year's confinement was credited to appellant's five-year sentence as a result of her remaining incarcerated while she awaited his action.